## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Julianna Hulina, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No: 12 C 10424 |
| | ) | |
| Marengo Rescue Squad, | ) | |
| | ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendant's motion to dismiss [21] Counts II, III, V, and VI of the first amended complaint is granted. Motion to dismiss and strike the complaint [17] is denied as moot.

## STATEMENT

Plaintiffs, Julianna Hulina and Brad Sexton, initiated this suit—including claims based on Title VII, 42 U.S.C. § 2000e, et seq., the Illinois common law tort of retaliatory discharge, and the Illinois Firemen's Disciplinary Act (the "Disciplinary Act"), 50 ILCS 745, et seq.—alleging that they were retaliated against for providing testimony unfavorable to their employer, Marengo Rescue Squad ("Marengo"), after they were compelled to testify as material witnesses in depositions concerning Title VII sexual discrimination claims filed against Marengo. Hulina seeks reinstatement and damages while Sexton only seeks damages. Currently before the court is Marengo's motion to dismiss several counts of the first amended complaint. For the reasons that follow, the motion is granted.

## I. BACKGROUND

Marengo hired Hulina as an emergency medical technician in 2007 and hired Sexton as a fireman and paramedic in 2004.[1] Plaintiffs allege that they were retaliated against for testifying against Marengo during depositions they were compelled to testify at in connection with Title VII sexual discrimination claims filed by other employees of Marengo. Hulina was ultimately terminated, and Sexton was demoted to a part-time position. Additionally, both plaintiffs allege that

---

1. Defendant argues that plaintiffs failed to plead sufficient facts to show that Hulina and Sexton were entitled to the protections of the Act, but the charges of discrimination that Hulina and Sexton filed with the EEOC and attached as exhibits to the first amended complaint note that Marengo hired Hulina as an emergency medical technician and Sexton as a firefighter and paramedic. Therefore, it is apparent on the face of the first amended complaint that Hulina and Sexton were entitled to the protections of the Act. See 50 ILCS 745/2.

Marengo violated the Disciplinary Act by not following proper procedure when Marengo interrogated plaintiffs after accusing them of insubordination.

In their first amended complaint, plaintiffs allege that: Hulina was retaliated against in violation of Title VII for testifying against Marengo in a deposition concerning Title VII sexual discrimination claims (Count I); Hulina was retaliated against in violation of Illinois common law (Count II); Marengo violated the Disciplinary Act by not following proper procedure with respect to an interrogation of Hulina (Count III); Sexton was retaliated against in violation of Title VII for testifying against Marengo in a deposition concerning Title VII sexual discrimination claims (Count IV); Marengo violated the Disciplinary Act by not following proper procedure with respect to an interrogation of Sexton (Count V); and Sexton was retaliated against in violation of the Disciplinary Act for reporting that Marengo did not follow proper procedure as set forth in the Disciplinary Act with respect to his interrogation (Count VI).

Marengo argues that Count II should be dismissed because Hulina has failed to plead sufficient facts in her retaliatory discharge claim to establish that her termination violated a clearly mandated public policy and because Hulina's Title VII claim provides an adequate means for redress. Marengo also argues that this court should dismiss Counts III, V, and VI because the Disciplinary Act does not provide a private right of action and because plaintiffs' complaint is insufficient to show a violation of due process.

## II. ANALYSIS

### A. Standard of Review

When deciding a motion to dismiss, a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679.

### B. Illinois Common Law Retaliatory Discharge Claim

Marengo argues that this court should dismiss Count II because Hulina has failed to show that her discharge violated a clearly mandated public policy and because Title VII provides her with adequate recovery. In response, Hulina argues that her termination violated "a clearly mandated public policy protecting witnesses against retaliation for testifying against their employers in civil lawsuits" and "a clearly mandated public policy protecting whistleblowers."

In order to sustain a retaliatory discharge claim under Illinois common law, a plaintiff must allege that her employer discharged her in retaliation for her activities and that the discharge violated a clear mandate of public policy. See Turner v. Mem'l Med. Ctr., 233 Ill. 2d 494, 500 (2009). The Illinois Supreme Court has described public policy as "what is right and just and what affects the citizens of the state collectively." Palmateer v. Int'l Harvester Co., 85 Ill. 2d 124, 130 (1981).

2

The retaliatory discharge tort is a "limited and narrow cause of action" that is an exception to the general rule of at-will employment. Turner, 233 Ill. 2d at 500. Illinois courts have allowed the retaliatory discharge tort in only two settings: (1) when an employee is discharged for filing or in anticipation of filing a workers' compensation claim; and (2) when an employee is discharged in retaliation for reporting illegal or improper conduct by the employer, or whistleblowing. See Jacobsen v. Knepper & Moga, P.C., 185 Ill. 2d 372, 376 (1998).

The Illinois Supreme Court recently stressed that the tort of retaliatory discharge seeks to balance the protection of public policies with providing essential notice to employers regarding whether discharging an at-will employee will expose the employer to liability. See Turner, 233 Ill. 2d at 502-03. Therefore, the employee must identify a "specific" expression of public policy or she can be terminated with or without cause. See id. at 503 ("Unless the employee identifies a clear mandate of public policy that is violated by the employee's discharge, the complaint will not state a cause of action for retaliatory discharge.").

Plaintiff cites two cases, Palmateer and Anderson v. Village of Oswego, 109 F. Supp. 2d 930, 934 (N.D. Ill. 2000), in support of her retaliatory discharge claim.[2] In Palmateer, the Illinois Supreme Court held that the plaintiff's firing violated public policy because public policy favored the plaintiff's conduct in that he volunteered information about a suspected crime to a law enforcement agency. Palmateer, 85 Ill. 2d at 133. Hulina did not report information about a crime, so she does not fall under the public policy protecting "citizen crime-fighter" whistleblowers that was recognized in Palmateer. See id. at 132. In Anderson, a federal district court interpreting Illinois law held that public policy was "sufficiently implicated where the plaintiff alleges he was fired for obeying a subpoena and testifying against his employer in a contract dispute." 109 F. Supp. 2d at 934. But cf. Chi. Commons Ass'n v. Hancock 346 Ill. App. 3d 326, 329 (2004) (holding that "Anderson does not stand for the proposition that an employee's compliance with a subpoena is a protected activity per se").

The instant plaintiff has alleged a violation of the clearly mandated public policy recognized in Anderson. However, unlike the plaintiff in Anderson, Title VII provides Hulina with an adequate alternative remedy. Whether plaintiff has an alternative remedy is a factor that Illinois courts have weighed when deciding whether to sustain common law retaliation claims. See Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd., 277 F.3d 936, 946 (7th Cir. 2002) (suggesting that the Illinois Supreme Court looks at whether there is a federal remedy available as "one of many factors in a pragmatic approach toward determining when the tort of retaliatory discharge will lie");

---

[2] In arguing that Hulina failed to present a specific public policy that was violated by her firing, defendant points out that Hulina only cites two cases in support of her retaliatory discharge claim but not any statutes or the Illinois Constitution. This fact alone does not require the court to dismiss Hulina's retaliatory discharge claim, as the plaintiff may cite to judicial decisions to show that her termination violated a clearly mandated public policy. See Palmateer, 85 Ill. 2d at 130 (stating that public policy may be found in "the State's constitution and statutes and, when they are silent, in its judicial decisions").

Fellhauer v. City of Geneva, 142 Ill. 2d 495, 507 (1991) (holding that the retaliatory discharge claim did not need to be recognized to vindicate the public policy underlying a section of the Criminal Code). The "participation clause" of Title VII establishes that it is unlawful for an employer to discriminate against any employee for making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII. See 42 U.S.C. § 2000e-3. Thus, Title VII provides an adequate avenue of recovery for Hulina. Because the retaliatory discharge tort is a narrow cause of action and because an alternate remedy is available, this court finds that the Illinois Supreme Court would not recognize a retaliatory discharge tort in these circumstances. See Blood v. VH-1 Music First, 668 F.3d 543, 546 (7th Cir. 2012) ("[O]ur job in interpreting state law is to use our own best judgment to estimate how the [Illinois] Supreme Court would rule . . . ." (quotation marks omitted)). Accordingly, Count II is dismissed.

### C. Illinois Firemen's Disciplinary Act Claims

Marengo also moves to dismiss the Disciplinary Act claims brought by Hulina and Sexton in Counts III, V, and VI of the first amended complaint. Marengo argues that the Disciplinary Act does not provide plaintiffs with an express private cause of action and that the complaint is insufficient with respect to alleging violations of due process. On the other hand, plaintiffs argue that the Illinois Administrative Review Act ("IARA"), 735 ILCS 5/3-101, et seq., does not provide a remedy for Marengo's violations of the Disciplinary Act because the Disciplinary Act does not expressly adopt the IARA, and thus the Disciplinary Act should be read as expressly or impliedly creating a cause of action.

In Michalowicz v. Village of Bedford Park, the Seventh Circuit concluded that the IARA provides the legal remedy for violations of the procedures required by the Disciplinary Act and that the IARA procedure is adequate to protect due process rights. 528 F.3d 530, 537-38 (7th Cir. 2008). In Lynd v. Bristol Kendall Fire Protection District, this court went one step further and found no express cause of action in the Disciplinary Act nor any basis for implying a cause of action after concluding that the IARA adequately addresses violations of the Disciplinary Act. No. 11 C 7014, 2012 WL 3069391, at *6 (N.D. Ill. Jul. 26, 2012).

Plaintiffs argue that Lynd does not apply because they are not alleging a due process violation but rather asserting their "rights" under the Disciplinary Act. The Illinois Supreme Court has established that it "implie[s] a private right of action under a statute only in cases where the statute would be ineffective, as a practical matter, unless such an action were implied." Fisher v. Lexington Health Care, Inc., 188 Ill. 2d 455, 464 (1999). As established in Michalowicz and Lynd, there is no express cause of action under the Disciplinary Act, and the IARA provides a remedy for violations of the procedures required by the Disciplinary Act. Because the IARA provides an adequate remedy for violations of the Disciplinary Act, this court will not imply a private cause of action under the Disciplinary Act. Accordingly, the court grants defendant's motion to dismiss Counts III, V, and VI of the first amended complaint.

### III. CONCLUSION

For the reasons stated above, the court grants defendant's motion to dismiss. Counts II, III, V, and VI of the first amended complaint are dismissed.

Date: 7/17/2013

ENTER:

FREDERICK J. KAPALA
District Judge